UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 3:23-CR- 135 |
| v. | : | (Judge          ) |
| DAWN TROTTA | : | (electronically filed) |
| Defendant. | : | FILED SCRANTON |

MAY 3 0 2023

PER_____
DEPUTY CLERK

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

### COUNT 1
### 18 U.S.C. §371
(Conspiracy to Commit Theft of Major Artwork, Concealment and Disposal of Major Artwork, and Interstate Transportation of Stolen Property)

I. **Introduction**

At all times material to the Information:

1. The Defendant is a resident of the Commonwealth of Pennsylvania.

2. A "museum" as defined in Title 18, United States Code, Section 668, is an organized and permanent institution, the activities of which affect interstate and foreign commerce, that is (a) situated in the United States; (b) is established for an essentially educational and aesthetic purpose; (3) has a professional staff, and (4) owns, utilizes, and cares for tangible items that are exhibited to the public on a regular

schedule.

3.   An "object of cultural heritage," as defined in Title 18, United States Code, Section 668, is an object that is either over 100 years old and worth in excess of $5,000 or that is less than 100 years old and worth at least $100,000.

4.   The following institutions are all situated in the United States, have been established for essentially educational or aesthetic purposes, have professional staffs, own, utilize, or care for tangible items that are exhibited to the public on a regular schedule, and are "museums" as defined in Title 18, United States, Code, Section 668:

    a)   The Roger Maris Museum located in Fargo, North Dakota;

    b)   The Hillwood Estate, Museum, and Gardens located in Washington, DC.

5.   The following items are "objects of cultural heritage," as defined in Title 18, United States Code, Section 668, in that they are either over 100 years old and worth in excess of $5,000 or are less than 100 years old and worth at least $100,000:

    a)   The 1961 Hickok Belt belonging to Roger Maris; and

    b)   The 1961 MVP Trophy belonging to Roger Maris;

6. From in or about August of 1999 and continuing through in or about April of 2019, in the Middle District of Pennsylvania, the District of North Dakota, the District Columbia, and elsewhere, the Defendant,

**DAWN TROTTA,**

did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with others, to commit an offense against the United States, that is: to steal from the care, custody, and control of various museums certain objects of cultural heritage; knowing that certain objects of cultural heritage had been stolen or obtained by fraud, if in fact the object had been stolen or obtained by fraud from the care, custody, or control of a museum, received, concealed, exhibited, or disposed of the objects, and: transported in interstate or foreign commerce goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted, or taken by fraud, in violation of Title 18, United States Code, Section 668(b)(1), Title 18, United States Code, Section 668(b)(2), and Title 18, United States Code, Section 2314.

## II. Manner and Means and Purpose of the Conspiracy

7. During the aforementioned period of time, it was part of the conspiracy for the conspirators to conduct research in order to locate

collections which contained valuable pieces of artwork, antiques, sports memorabilia, and other items, many of which constituted objects of cultural heritage.

8. It was part of the conspiracy that the conspirators made several trips to various institutions, many of which constituted museums, where the above-described objects were displayed, for the purpose of gaining knowledge of security measures, access points, exit points, and the physical displays of the above-described objects. The conspirators recorded these trips for the purpose of later reviewing the above-described security measures prior to the theft of the objects of cultural heritage.

9. It was part of the conspiracy that the conspirators visited the museums and other repositories, broke into the museums and other repositories, smashed, or destroyed the protective display cases, and stole and removed objects of cultural heritage.

10. It was part of the conspiracy that the conspirators would meet at various pre-arranged locations to itemize, distribute, and break-down the objects of cultural heritage between the conspirators. The conspirators utilized three locations in particular, a garage owned by DAWN TROTTA, the residence of another conspirator, and a bar owned and operated by a third conspirator, all located in Lackawanna County,

Pennsylvania, within the Middle District of Pennsylvania.

11. It was part of the conspiracy that the conspirators would strip the objects of cultural heritage of the gemstones and other valuable attachments prior to melting the objects down into easily transportable bars, disks, and small pieces of the valuable metals.

12. It was part of the conspiracy that the conspirators would transport the above-described gemstones and valuable metals to individuals both known and unknown to the United States, located within New York City, in the Southern District of New York, to sell the objects for cash.

13. It was part of the conspiracy that the conspirators would sell objects of cultural heritage which could not be broken down, such as antique firearms and paintings, to each other and to various individuals, both known and unknown to the United States, for cash.

14. It was part of the conspiracy that the conspirators would transport the above-described antique firearms and paintings to other residences belonging to the conspirators in order to conceal the objects from law enforcement investigators.

### III. Overt Acts

15. In furtherance of the conspiracy and in order to effect the

objects thereof, one or more of the conspirators committed and caused to be committed the following overt acts, in the Middle District of Pennsylvania, and elsewhere:

a) Prior to December 31, 2015, Dawn TROTTA rented a vehicle from the Wilkes-Barre/Scranton International Airport with the purpose of allowing three fellow conspirators to use the rental vehicle in a burglary of the Hillwood Estate, Museum, and Gardens.

b) Prior to July 26, 2016, Dawn TROTTA rented a vehicle from the Wilkes-Barre/Scranton Airport in Avoca, Pennsylvania, for two fellow conspirators to use in the planned theft from the Roger Maris Museum.

All in violation of Title 18, United States Code, Section 371.

GERARD M. KARAM
United States Attorney

JAMES M. BUCHANAN
Assistant United States Attorney

Date: 5/26/2023